# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### DETROIT DIVISION

| | |
|---|---|
| AYAD Y. HERMEZ, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 2:19-cv-10924 |
| THE CORNELL GROUP, PLLC d/b/a AMERICA DIRECT, LLC d/b/a LEGAL ACTION TEAM d/b/a LAT SERVICES, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes AYAD Y. HERMEZ ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of THE CORNELL GROUP, PLLC d/b/a LEGAL ACTION TEAM d/b/a AMERICA DIRECT, LLC d/b/a LAT SERVICES. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Michigan Occupational Code ("MOC") under M.C.L. §339.901 *et seq.* for Defendant's unlawful conduct

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, as well as 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of Michigan and a substantial portion of the events or omissions giving rise to the claims occurred within the Eastern District of Michigan.

<b>PARTIES</b>

4. Plaintiff is a 59 year-old natural person residing in Shelby Township, Michigan, which lies within the Eastern District of Michigan.

5. Plaintiff is a "person," as defined by 47 U.S.C. §153(39).

6. Defendant is a law firm holding itself out as "A Domestic and International Asset Protection & Wealth Preservation Firm."[1] Through its various operating arms, specifically LAT-Services, Defendant regularly collects or attempts to collect defaulted obligations purportedly owed by consumers throughout the country, including the state of Michigan. Defendant is a New York professional limited liability company with its principal place of business located at 60 E. 42nd Street, New York, New York.

---

[1] http://thecornellgroupny.com/AssetProtection.aspx

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

9. The instant action arises out of Defendant's attempts to collect upon a non-existent consumer debt ("subject debt") purportedly owed by Plaintiff.

10. On March 5, 2019, Plaintiff received a voicemail message from the phone number (713) 588-2295.

11. The message advised that Plaintiff had committed and was being charged for fraud in connection with a debt.

12. The voicemail message threatened Plaintiff with being arrested in the event he did not make payment in connection with the debt.

13. Upon listening to the voicemail, Plaintiff returned the call.

14. Upon returning the call, Plaintiff was transferred to an individual identifying herself as "Sharron Harris" and who stated she worked for a company purportedly referred to as "CMS."

15. Upon information and belief, Ms. Harris fabricated the name CMS as a means to obfuscate the true identify of her employer.

3

16.Ms. Harris stated that a fraud complaint was being filed against Plaintiff and that Plaintiff would be arrested within 24 hours.

17.Ms. Harris stated that Plaintiff has two options – either get arrested, or surrender himself to authorities.

18.Ms. Harris further explained that the purported fraud claim was in relation to a bounced check Plaintiff had written in connection with a "Loan Now" account Plaintiff purportedly incurred in 2010.

19.Plaintiff explained that he had not taken out a loan with loan now, that he did not owe any debts, and that any debts he may have owed had previously been taken care of.

20.In response, Ms. Harris continued repeating that she was an investigator, that this was a criminal matter, and that Plaintiff would be arrested or needed to turn himself in within 24 hours.

21.Feeling nervous and concerned about the nature of Ms. Harris's threats, Plaintiff advised that if he did actually owe anything, he would like to try and work it out, although he believes he does not owe any debts, let alone any debts in connection with a Loan Now account.

22.Ms. Harris then told Plaintiff that he owed $840.00, and that Plaintiff had until 1:00 pm to make a payment or she would move forward with a complaint against

Plaintiff for fraud and that Plaintiff should expect to be arrested within the next 24 hours.

23. Ms. Harris then transferred Plaintiff to a different department where Plaintiff spoke with an unnamed individual.

24. This unknown individual advised that he would send Plaintiff a form via e-mail that Plaintiff needed to fill out, sign, and return along with a copy of his driver's license and a copy of his credit card.

25. Concerned by the nature of these conversations, Plaintiff reached out to law enforcement officials to ascertain whether he was being actively sought in a criminal matter.

26. The police stated Plaintiff was not the subject of a criminal investigation, and that Plaintiff was likely the target of a debt collection scam.

27. Around 1:30 p.m. ET on March 5, 2019, Plaintiff received a follow up call from Ms. Harris. Ms. Harris called from the number (713) 973-8776.

28. Ms. Harris inquired as to whether Plaintiff had yet made payment, to which Plaintiff responded by stating he had not yet received the e-mail containing information on how to make payment.

29. Plaintiff then checked his e-mail, and noticed an e-mail that was sent to him attempting to collect on the $840 purportedly owed to Loan Now. *See* Exhibit A.

30. The e-mail correspondence Plaintiff received was sent by Defendant. *Id.*

31. The e-mail correspondence further directs that payments made in connection with the subject debt would be taken out of Plaintiff's account by Defendant. *Id.*

32. Plaintiff then reiterated to Ms. Harris that he does not owe this debt.

33. Ms. Harris then wished Plaintiff luck and disconnected the call.

34. The next day, on March 6, 2019, Plaintiff received another call relating to the subject debt from the phone number (281) 786-4456.

35. This person identified themselves as "Jessica Drew," further representing that they were a compliance official working for Defendant calling to collect payment on the purported Loan Now debt.

36. Plaintiff explained to Ms. Drew the threatening and harassing nature of his dealings with Ms. Harris the day before, further reiterating his belief that he does not owe the debt.

37. Ms. Drew advised that Defendant was merely the party managing the payment of the subject debt, and was not itself a debt collector.

38. Ms. Drew further stated that Ms. Harris' behavior was "odd," that she would notate Plaintiff's account as a cease and desist, and that she would try and pull the recordings from the previous conversation to see what happened.

39. After speaking to Ms. Drew, Plaintiff reached out to Loan Now to inquire about any past due obligations he may owe to them.

40. Loan Now responded to Plaintiff's inquiry, advising that: Plaintiff did not owe them anything, that they get frequent requests for similar information, and that Plaintiff was likely the subject of a scam.

41. Based on the above stated facts, and further upon information and belief, Defendant was the perpetrator behind the entirety of the scam designed to defraud Plaintiff into making payments in connection with a debt he does not owe.

42. Frustrated, concerned, and upset by Defendant's conduct, Plaintiff spoke with Sulaiman regarding his rights.

43. Plaintiff has suffered concrete harm as a result of Defendant's conduct, including but not limited to emotional distress, false fear of being arrested, invasion of privacy, aggravation that accompanies collection telephone calls for a debt he does not owe, and undue anxiety.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

44. Plaintiff repeats and realleges paragraphs 1 through 43 as though fully set forth herein.

45. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

46. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly collects, or attempt to collect, delinquent consumer accounts asserted to be owed or due another and/or because it is a business the principal purpose of which is the collection of debts.

7

47. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it is an alleged obligation arising out of a transaction asserted to be owed or due to another for personal, family, or household purposes.

### a. Violations of FDCPA § 1692d

48. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

49. Defendant violated § 1692d through the repeated threats that Plaintiff would be arrested unless he made payment on the subject debt. Repeatedly threatening that an individual will go to jail unless he pays a debt that does not exist is inherently conduct having the natural consequence of harassing, oppressing, and abusing Plaintiff.

### b. Violations of the FDCPA § 1692e

50. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

51. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. §1692e(2)(A).

> "The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person . . . ." 15 U.S.C. § 1692e(4)

"The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5).

"The false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer." 15 U.S.C. § 1692e(7).

"The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

"The failure to disclose in the initial written communication . . . that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose . . . ." 15 U.S.C. § 1692e(11).

52. Defendant violated § 1692e, e(2), and e(10) when it attempted to collect upon a debt which Plaintiff does not owe. As stated above, Plaintiff does not owe any obligation to Loan Now. However, the collection correspondence sent by Defendant to Plaintiff on March 5, 2019 represented that Defendant was collecting on a $840 debt purportedly owed to Loan Now, constituting a false representation as to the nature and status of the subject debt.

53. Defendant further violated § 1692e, e(10), and e(11) when it failed to disclose itself as a debt collector in the correspondence it sent to Plaintiff on March 5, 2019. Although Defendant's correspondence is attempting to solicit payment from Plaintiff, with such payment going directly to Defendant, Defendant did not disclose that it was attempting to collect a debt and that any information obtained will be used for that purpose.

54. Furthermore, Defendant violated § 1692e, e(2)(A), e(4), e(5), e(7), and e(10) when it falsely represented to Plaintiff that he would be arrested if he did not pay the debt, that Plaintiff was being charged with fraud, and that Plaintiff needed to turn himself in to authorities. Such representations are inherently false and constitute numerous violations of the FDCPA.

### c.  Violations of FDCPA § 1692f

55. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

56. Defendant violated § 1692f and f(1) when it unfairly and unconscionably sought collection of a debt from Plaintiff that he does not owe. Through the correspondence sent on March 5, 2019, Defendant attempted to collect upon a debt even though such debt does not actually exist. Attempting to collect a debt that Plaintiff does not owe is inherently unfair and unconscionable means made in an attempt to collect a debt.

57. Defendant further violated § 1692f through its repeated false threats that Plaintiff had committed fraud and would be arrested or needed to turn himself in to authorities.

58. As pled in paragraphs 42 through 43, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

### d.  Violations of FDCPA § 1692g

59. The FDCPA, pursuant to 15 U.S.C. § 1692g(a) requires a debt collector to, "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt . . . send the consumer a written notice containing" several pieces of information, including: "(1) the amount of the debt; (2) the name [of the original creditor]; (3) a statement [regarding disputing the debt within 30 days]; (4) a statement [outlining what happens if a consumer disputes a debt]; and (5) a statement that, upon written request . . . the debt collector will provide the consumer with the name and address of the original creditor . . . ." Furthermore, pursuant to 15 U.S.C. § 1692g(b), "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

60. Defendant violated § 1692g(a) by failing to provide the written information required within five days after its initial communication with Plaintiff. At no point has Plaintiff been provided any information in writing regarding the subject debt which outlines his rights under § 1692g.

WHEREFORE, Plaintiff, AYAD Y. HERMEZ, respectfully requests that this Honorable Court enter judgment in his favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

COUNT II – VIOLATIONS OF THE MICHIGAN OCCUPATIONAL CODE

61. Plaintiff restates and realleges paragraphs 1 through 60 as though fully set forth herein.

62. Plaintiff is a "consumer" or "debtor" as defined by M.C.L. § 339.901(f).

63. Defendant is a "collection agency" as defined by M.C.L. § 339.901(b) as it is a person that is engaged in collecting or attempting to collect a claim owed or due or asserted to be owed or due another.

64. The subject debt is a "[c]laim" or "debt" as defined by M.C.L. § 339.901(a) as it is an alleged obligation for the payment of money or thing of value arising out of an agreement or contract for a purchase made primarily for personal, family, or household purposes.

### a. Violations of M.C.L. § 339.915

65. The MOC, pursuant to M.C.L. § 339.915(e), prohibits a collection agency from "[m]aking an inaccurate, misleading, untrue, or deceptive statement or claim

in a communication to collect a debt . . . ." This section further prohibits a collection agency from "[m]isrepresenting in a communication with a debtor . . . the legal status of a legal action being taken or threatened . . . . [t]he legal rights of the creditor or debtor . . . . [and] [t]hat nonpayment of a debt will result in the debtor's arrest or imprisonment." M.C.L. §§ 339.915(f)(i)-(iii).

66. Defendant violated M.C.L. § 339.915(e) and (f)(ii) by falsely representing that Plaintiff owed the subject debt. Through the correspondence sent on March 5, 2019, Defendant falsely represented that Plaintiff owed a $840 debt to Loan Now. However, Plaintiff did not owe this debt. Furthermore, Defendant's collection correspondence misleads Plaintiff as to his rights and ability to have the subject debt verified, since it fails to provide the information required by 15 U.S.C. § 1692g.

67. Defendant further violated § 339.915e and f(i)-(iii) of the M.C.L. through its repeated false threats that Plaintiff was charged with fraud and would be arrested if he did not pay the subject debt.

68. **Violations of M.C.L. § 339.915(n)**

69. The MOC, pursuant to M.C.L. § 339.915(n), prohibits a collection agency from "[u]sing a harassing, oppressive, or abusive method to collect a debt . . . ."

70. Defendant violated the MOC when it abusively and harassingly threatened Plaintiff with being arrested in the event payment on the subject debt was not made.

b. **Violations of M.C.L. § 339.915(q)**

13

71. The MOC, pursuant to M.C.L. § 339.915(q), subjects collection agencies to liability for "[f]ailing to implement a procedure designed to prevent a violation by an employee."

72. Defendant violated the MOC by failing to adequately have procedures in place designed to prevent a violation by its employees.

WHEREFORE, Plaintiff, AYAD Y. HERMEZ, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b.  Entitling Plaintiff to injunctive relief, pursuant to M.C.L. § 339.916(1).

c.  Awarding Plaintiff actual damages, including treble damages, pursuant to M.C.L. § 339.916(2).

d.  Awarding statutory damages of at least $50.00, including treble damages, pursuant to M.C.L. § 339.916(2).

e.  Awarding Plaintiff costs and reasonable attorney fees, pursuant to M.C.L. § 339.916(2).

f.  Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: March 28, 2019                              Respectfully submitted,

s/ Nathan C. Volheim                               s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                   Taxiarchis Hatzidimitriadis,
Esq. #6319225
Counsel for Plaintiff                              Counsel for Plaintiff
Admitted in the E.D. Michigan                      Admitted in the E.D. Michigan
Sulaiman Law Group, Ltd.                           Sulaiman Law Group, Ltd.

14

2500 South Highland Avenue, Suite 200             2500 South Highland Avenue,
Suite 200
Lombard, Illinois 60148                           Lombard, Illinois 60148
(630) 575-8181 x113 (phone)                       (630) 575-8181 x110 (phone)
(630) 575-8188 (fax)                              (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                          thatz@sulaimanlaw.com

15